# In the United States Court of Federal Claims

No. 25-999
Filed: April 3, 2026

| | |
|---|---|
| DAVID TONEY, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## OPINION AND ORDER

David Toney, proceeding pro se, alleges that "[t]he IRS/Treasury, without jurisdiction has waged an ongoing campaign of deception, theft, and coercion against the petitioner (A Non-Statutory Employee as determined by The Treasury/IRS through careful interpretation of the statutes)." ECF No. 1 at 2.[1]  While Mr. Toney alleges various criminal violations, *id*. at 1-2, the crux of his case is that he claims to be owed a refund for an overpayment of his taxes for tax year 2016, *id*. at 3.  The Internal Revenue Service disagreed.  It denied Mr. Toney's claim for a refund of his 2016 taxes as "frivolous."  *Id*. at 2.

Before the court may consider the merits of a tax claim, however, the court must ensure that the jurisdictional requirements are met.  One limitation is that this court lacks jurisdiction over a tax refund claim that the taxpayer filed more than two years after the Treasury denied the administrative claim.  Because Mr. Toney did not file this action within two years of the Treasury's denial of his administrative claim, the court grants the United States' motion to dismiss for lack of subject-matter jurisdiction.

## I.    Background

This case concerns Mr. Toney's tax liability for Tax Year 2016.  Mr. Toney filed a Form 1040EZ, in which he asserted that he had no wages, salaries, or tips in 2016.  ECF No. 1-2 at 37.[2]  He also submitted a Form 4852 Substitute for Form W-2, that also stated he earned no

---

[1] Because Mr. Toney used the form complaint found on the court's website, it does not contain consecutively numbered paragraphs.  Therefore, the court cites to the pagination in the ECF Header for ease of reference.

[2] ECF No. 1-2 contains the exhibits that Mr. Toney attached to his complaint.

"wages, tips, or other compensation." *Id*. at 40.  On the Form 4852, Mr. Toney also stated "Non-Statutory Employee, work for compensation, not wages." *Id*.

The IRS did not agree with Mr. Toney's calculations of his tax liability.  On September 11, 2017, the IRS issued Mr. Toney a notice that it found miscalculations on his Tax Year 2016 Form 1040EZ and that the IRS was changing that return to correct those errors.  ECF No. 1-2 at 30-31.  The IRS recalculated Mr. Toney's adjusted gross income to include $63,989 of income reported on Form W-2's or other documentation,[3] which resulted in total tax liability of $9,178. *Id*. at 31.  After deducting the $2,523 of taxes withheld from Mr. Toney's compensation, the IRS concluded that Mr. Toney had an outstanding tax liability of $6,655.  *Id*.  To collect this remaining liability, the IRS has transferred credits from Mr. Toney's taxes for Tax Years 2019–2021.  *See* ECF No. 1 at 2 (complaining that the IRS "[s]eized subsequent returns and applied them to 'outstanding 2016 fines' after reclassifying said returns as Earned Income or Frivolous") (cleaned up); *see also* ECF No. 11-1 at 6 (IRS account transcript for Mr. Toney showing the transfers of $2,744, $4,281.31, and $3,959.07).[4]

Mr. Toney has challenged the recalculation of his 2016 taxes and the IRS's collection of the claimed amount owed.  Mr. Toney contends that he is not an employee and works for compensation rather than wages, meaning he does not owe taxes on his income.  The IRS, however, declared his claim "frivolous."  ECF No. 1 at 2.  In a letter dated December 5, 2022, the IRS disallowed Mr. Toney's claim for a $7,418.94 credit (i.e., all the money withheld from Mr. Toney's earnings by the company that he worked for) for his 2016 taxes.  ECF No. 11-1 at 2-4.  According to this letter, the IRS disallowed Mr. Toney's claim because "[he] based [his] claim on a frivolous position that isn't supported by law.  Federal courts consistently rule against these arguments and may impose substantial fines for taking a frivolous position."  *Id*. at 2.

Mr. Toney has now sued to recover the tax refund he claims to be owed for Tax Year 2016, and the United States has moved to dismiss for lack of subject-matter jurisdiction.

## II.    Standard of Review

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, the court must assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the plaintiff's favor.  *Trusted Integration, Inc. v. United States*, 659 F.3d

---

[3] It is unclear from the record before the court what documents the IRS received that prompted it to make these changes, although it appears that Mr. Toney was employed and his employer was withholding at least federal income, social security, and Medicare taxes from his paycheck.  *See* ECF No. 1-2 at 40 (Form 4852 for Tax Year 2016).  Presumably, this employer reported Mr. Toney's income to the IRS.  In the end, this factual question is irrelevant to the court's jurisdictional inquiry.

[4] Because the United States challenges jurisdictional facts in its motion to dismiss for lack of subject-matter jurisdiction, the court may consider documents outside the pleadings.  *Arakaki v. United States*, 62 Fed. Cl. 244, 247 (2004) (citing *Reynolds*, 846 F.2d at 747); *see also* 2 James Wm. Moore et al., Moore's Federal Practice ¶ 12.30[3] (3d ed. 2013) ("[U]nlike a Rule 12(b)(6) dismissal, the court need not confine its evaluation to the face of the pleadings . . . .").

1159, 1163 (Fed. Cir. 2011).  The plaintiff bears the burden of establishing subject-matter jurisdiction and must do so by a preponderance of the evidence.  *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  If the Court determines that "it lacks jurisdiction over the subject matter, it must dismiss the claim."  *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); RCFC 12(h)(3).

Because the plaintiff appears pro se, the court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ."  *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  That leniency, however, does not relieve the plaintiff from establishing this court's jurisdiction.  *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

### III.    Discussion

Although the United States focuses its motion to dismiss on the timeliness of Mr. Toney's complaint, there are several other jurisdictional matters that the court addresses before turning to the timeliness of the complaint.  First, Mr. Toney appears to base his claim on various criminal statutes.  This court, however, "has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code."  *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994).  As a result, to the extent that Mr. Toney alleges witness tampering in violation of 18 U.S.C. § 1512, fraud in violation of 18 U.S.C. § 242, or mail fraud in violation of 18 U.S.C. § 1341, *see* ECF No. 1 at 1; *see also* ECF No. 12 at 5-6, the court dismisses those claims for lack of subject-matter jurisdiction.

Second, Mr. Toney asserts several tort claims when he seeks to have the court "levy fines for Financial, Emotional Distress and Financial Hardship caused by Treasury/IRS."  ECF No. 1 at 3.  This court's jurisdiction, however, is limited to claims "not sounding in tort."  28 U.S.C. § 1491(a)(1).  Therefore, the court dismisses the complaint insofar as it asserts tort claims.

Finally, to the extent that Mr. Toney seeks punitive damages against the United States, that portion of his complaint must be dismissed for lack of subject-matter jurisdiction.  *E.g.*, *Garner v. United States*, 230 Ct.Cl. 941, 943 (1982); *Vincin v. United States*, 468 F.2d 930, 932 (Ct. Cl. 1972).  As the Court of Claims recognized, the United States has not waived its sovereign immunity to punitive damages in any court. *See* 28 U.S.C. § 2674.  Thus, Mr. Toney's claim for punitive damages is dismissed for lack of subject-matter jurisdiction.

The court turns now to the timeliness of the complaint.  To seek a tax refund, a taxpayer must first duly file a claim with the Secretary of the Treasury pursuant to statute and regulation.  26 U.S.C. § 7422(a).  Among the requirements for a duly filed claim are certain time limits applicable to the filing of the claim with the Secretary and the filing of an action in this court.

A taxpayer may not bring an action for a refund under § 7422(a) until six months after the filing of the claim with the Treasury.  26 U.S.C. § 6532(a)(1).  That limitation is not at issue in this case.  Nor may a taxpayer bring an action for a refund more than two years after the IRS mails the disallowance of the refund claim.  Specifically, the statute provides

> No suit or proceeding under section 7422(a) for the recovery of
> any internal revenue tax, penalty, or other sum, shall be begun . . .
> after the expiration of 2 years from the date of mailing by certified
> mail or registered mail by the Secretary to the taxpayer of *a notice
> of the disallowance* of the part of the claim to which the suit or
> proceeding relates.

*Id*. (emphasis added).

The United States moves to dismiss because Mr. Toney did not file his complaint in this court within two years of the denial of his refund claim. The IRS denied Mr. Toney's claim as frivolous in a notice of disallowance sent by certified mail on December 5, 2022. ECF No. 11-1 at 1-4; *see also* ECF No. 1 at 2.[5] As a result, Section 6532 required Mr. Toney to file his complaint in this court on or before December 5, 2024. Mr. Toney, however, did not file his complaint in this court until June 13, 2025. The court must, therefore, dismiss the refund claim for lack of subject-matter jurisdiction. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-63 (Fed. Cir. 1998).

Mr. Toney misunderstands the accrual of his tax refund claim. He contends that because the Treasury is still transferring tax credits to cover his 2016 liability, his complaint is timely in this court. *See* ECF No. 12 at 1-2. But the tax refund claim accrued when the IRS denied his claim for a refund, not when the IRS collects the past-due taxes. 26 U.S.C. § 6532(a)(1). Even construing Mr. Toney's complaint as a challenge to the IRS's collection of his past-due 2016 taxes does not help him here because Congress vested the district courts with the exclusive jurisdiction to hear actions for damages related to the IRS's collection of federal taxes. 26 U.S.C. § 7433(a). When Congress vests the exclusive jurisdiction over cases in the district courts, this court lacks jurisdiction to hear such cases because "Congress may also specify, in a particular statute that mandates payment of money, that review is restricted to a court other than ours." *Kristian v. United States*, No. 19-1576C, 2020 WL 504793, at *1 (Fed. Cl. Jan. 31, 2020) (quoting *Fletcher v. United States*, No. 10-203C, 2010 WL 2640337, at *2 (Fed. Cl. June 30, 2010)).

In recent years, the Federal Circuit has indicated that certain statutory time limits on tax refund claims may not be jurisdictional. For example, in *Walby v. United States*, 957 F.3d 1295, 1299-1301 (Fed. Cir. 2020), the circuit considered whether the requirement to timely file an administrative claim is jurisdictional. In the end, the circuit concluded that dismissal was proper because the plaintiff in that case failed to file an administrative refund claim. But the circuit also opined that this court "likely did not lack subject matter jurisdiction over [the] claim." *Id*. at

---

[5] According to Mr. Toney's IRS account transcript, the IRS initially sent a denial of his refund claim for Tax Year 2016 on March 15, 2021. ECF No. 11-1 at 6; *see also* ECF No. 1-2 at 29. Because the court does not have that denial letter before it, the court does not consider it. In any event, if the court based its analysis on that claim denial, the result would be the same—Mr. Toney did not file within two years of that prior denial either. And any further consideration or reconsideration does not extend the deadline to file in this court. *See* 26 U.S.C. § 6532(a)(4).

1301.  In other words, the dismissal may have been more properly considered as one for failure to state a claim.

*Walby* does not change the outcome of this case.  First, because there is no dispute in this case that Mr. Toney timely filed his claim with the IRS, *Walby*'s discussion of the failure to exhaust the administrative process is not applicable here.  Second, and more importantly, even after *Walby*, the Federal Circuit has continued to affirm this court's dismissal of tax refund claims that were not timely filed in this court under 26 U.S.C. § 6532(a) for lack of subject-matter jurisdiction.  *E.g., Lofton v. United States*, No. 2023-1181, 2023 WL 3881362, at *2 (Fed. Cir. June 8, 2023).  This court, therefore, continues to be bound by *RHI Holdings* and similar cases holding that this court lacks subject-matter jurisdiction over a tax refund claim filed in this court more than two years after the IRS's denial of the underlying tax refund claim.

Even if this court were to consider the motion to dismiss under Rule 12(b)(6), the outcome would be the same.  The United States timely moved for dismissal under Rule 12(b), which requires that a motion under Rule 12(b)(6) "must be asserted in the responsive pleading if one is required."  Nor is there any waiver under Rule 12(h).  Finally, the court's reliance on the IRS letter denying Mr. Toney's refund claim as "frivolous" is permissible under Rule 12(b)(6) and would not result in the conversion of the motion to one for summary judgment under Rule 12(d).  Mr. Toney clearly incorporates the IRS's rejection of his claim as "frivolous" into his complaint.  ECF No. 1 at 2.  Further, the notice of disallowance letter is integral to the claim and the court's ability to hear this case, and Mr. Toney does not dispute its authenticity, though he alleges that it is "defective and misleading."  *See* ECF No. 12 at 1.  As a result, the court may consider the IRS's rejection letter stating that his claim is frivolous to determine the date it was sent without converting the motion to dismiss into a motion for summary judgment.  *A&D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1147 (Fed. Cir. 2014) ("While we primarily consider the allegations in the complaint, we may also look to matters incorporated by reference or integral to the claim, items subject to judicial notice, [and] matters of public record.") (cleaned up).  Therefore, even if the Federal Circuit reconsiders the jurisdictional nature of 26 U.S.C. § 6532(a)'s requirement to file within two years of Treasury's denial of a tax claim, the outcome of this case will be the same.[6]

Because the court is dismissing this action for lack of subject-matter jurisdiction, it must consider whether transfer would be appropriate.  28 U.S.C. § 1631.  The court generally transfers a case if three conditions are met: "(1) the transferring court must lack jurisdiction; (2) the transferee court must be one in which the action could have been brought at the time the claim was filed; and (3) the transfer must be in the interests of justice."  *Lucious v. United States*, No. 08-11C, 2008 WL 4596322, at *3 (Fed. Cl. Oct. 1, 2008) (citing *Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988)).  The ultimate decision whether to transfer, however, remains in the court's discretion.  *Ross v. United States*, 155 Fed. Cl. 792, 798 (2021) ("The decision to transfer 'rests within the sound discretion of the transferor court.'") (citing *Spencer v. United States*, 98 Fed. Cl. 349, 359 (2011)).

---

[6] While the United States also attached Mr. Toney's IRS account transcript, the court does not rely upon that in finding Mr. Toney's complaint untimely.  *See supra* note 5.

The court concludes that it is not in the interest of justice to transfer this case.  To the extent Mr. Toney is seeking to challenge the denial of his refund claim for Tax Year 2016, that case could not have been filed in district court when he filed in this court because 26 U.S.C. § 6532(a)(1)'s timeliness provision applies to district court just as it does in this court.  Because Mr. Toney's 2016 refund claim would have been time-barred in district court when he filed here, 28 U.S.C. § 1631 does not allow transfer.

The same is true if the court considers his claim a challenge to the IRS's collection efforts through transferring credits to cover the outstanding tax liability.  Although the district court has jurisdiction to hear claims regarding the IRS's collection of federal taxes, it is not clear that Mr. Toney could have brought a challenge to those activities on June 13, 2025, when he filed his complaint in this court.  *See* ECF No. 1.  26 U.S.C. § 7433(d)(3) requires such a challenge to IRS collection efforts to be filed within two years of accrual.  According to his IRS transcript, the IRS transferred credits to pay Mr. Toney's Tax Year 2016 liability on April 15, 2020, April 15, 2021, and April 15, 2022.  ECF No. 11-1 at 6.  Because Mr. Toney filed more than two years after these transfers, it does not appear that he could have brought a challenge to collection efforts in district court at the time he filed his complaint here.

Even if the court believed that Mr. Toney could have challenged the IRS's collection efforts in district court when he filed here, the court would still decline to transfer this case to district court because such a transfer would not be in the interest of justice.  The root of Mr. Toney's complaint is that he did not owe any income tax for Tax Year 2016 because he was a non-statutory employee who worked for compensation rather than wages.  ECF No. 1-2 at 40.  This argument is so frivolous that courts often sanction plaintiffs simply for making it.  *E.g.*, *Ledford v. United States*, 297 F.3d 1378, 1381 (Fed. Cir. 2002) ("[E]very court that has considered the matter has found this argument to be wholly without merit—so much so that merely raising it is considered sanctionable.").  In fact, the only reason this court is not considering sanctions is that the United States did not seek them.  Therefore, the court declines to transfer this case under 28 U.S.C. § 1631.  To be clear, the court only declines to transfer this case; Mr. Toney remains free to file any claim he desires in a district court and risk the imposition of monetary sanctions.

Finally, the court turns to the remaining motions that Mr. Toney filed.

- The court rejected a filing received on January 2, 2026, because it was a duplicate of the response docketed as ECF No. 12.  *See* ECF No. 14.

- Mr. Toney filed a document styled as a "reply in support of objection to dismiss." ECF No. 22.  The court construes this motion as a motion for leave to file a sur reply.  "[S]ur-replies are generally disfavored" because they are often used "as an effort to get the last word." *Am. Safety Council, Inc. v. United States*, 122 Fed. Cl. 426, 431 (2015) (citations omitted).  Thus, a sur-reply may only respond to "new" arguments raised for the first time in a reply; they may not be used to respond to arguments that reply to allegations in a response or elaborate on arguments raised in the opening motion.  *Id*. (citations omitted).  Because Mr. Toney's filing simply re-argues the points he already made or could have made in

his response to the motion to dismiss rather than responding to anything new in the United States' reply brief, the court denies the motion.

- Mr. Toney has filed what he calls a "Request for Motion to Censure Defendant." ECF No. 23.[7] In it, he asks the court to censure the United States for "falsification of facts" contained it its filings in this court. *Id.* at 1. But the United States has not falsified facts. To the contrary, its motion is simple—the Treasury denied Mr. Toney's claim via certified mail and Mr. Toney did not file this action within two years of that denial. As explained above, this court lacks jurisdiction to hear that claim. No censure is appropriate. The court denies the motion.

- Mr. Toney then filed a document he calls a "Request for Re-Evaluation of Motion to Censure Defendant." ECF No. 24.[8] In this filing, he asks the court to censure the Government for using misleading terms, including "tax liability, tax return, and tax credit." *Id.* at 1. There is nothing misleading about these terms—Mr. Toney owed a tax liability, and the United States transferred tax credits from subsequent years to cover that liability. This filing is frivolous, and the motion is denied.

- Finally, Mr. Toney filed a document he calls an "Objection to Submission by Defendant." ECF No. 25.[9] In it, he "vehemently objects" to a document that the Government served on him that appear to relate to another case. *Id.* at 1. Although Mr. Toney believes this is part of a "malicious campaign" against him, it appears clear that the Government inadvertently served documents on him that do not relate to his case. *Id.*

For these reasons, the court denies all Mr. Toney's post-briefing motions, ECF Nos. 22, 23, 24. The court grants the Government's motion to dismiss for lack of subject-matter jurisdiction, ECF No. 11. The Clerk's Office is directed to enter judgment accordingly.

It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge

---

[7] Mr. Toney filed a duplicate of this document one day later that the court rejected as an unneeded duplicate.

[8] Mr. Toney filed a duplicate of this document three days later that the court rejected as an unneeded duplicate.

[9] Mr. Toney filed a duplicate of this document two days later that the court rejected as an unneeded duplicate.